Filed 10/31/13  P. v. Crowder CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B247921 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA395785) |
| v. | |
| HERMAN CROWDER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Barbara R. Johnson, Judge.  Affirmed.

Christine C. Shaver, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Pursuant to a plea agreement, appellant pled guilty to robbery (Pen. Code, § 211)[1] and no contest to committing criminal threats (§ 422, subd. (a)). In addition appellant admitted he committed the robbery for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)). Appellant also admitted he had a prior qualifying felony conviction for robbery as a juvenile under the Three Strikes Law (§ 1170.12, subds. (a)-(d)). Approximately one month later, at his sentencing hearing, appellant made a motion to withdraw his plea. The motion was denied and he was sentenced, pursuant to the plea agreement, to 14 years 4 months in state prison.

FACTS

Colin Smith lived with his girlfriend Deborah Contreras. Appellant, an admitted Black P. Stones gang member, went to their apartment accompanied by fellow gang members. Appellant had engaged in a gang-related altercation with Contreras's brother the previous day. Appellant arrived at the apartment carrying a semiautomatic handgun. Appellant demanded $400 or he would kill Contreras's brother, as well as everyone in the house. The family came up with $200 and appellant left, indicating their safety was not guaranteed. Smith and Contreras were so frightened by the incident that they moved out of the apartment.

DISCUSSION

The court appointed counsel to represent appellant on appeal. On September 12, 2013, appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) raising no contentions but requesting this court independently review the record for arguable issues. On October 10, 2013, appellant filed a document that we treat as a supplemental brief. Appellant appears to contend his prior robbery conviction could not be used to increase his sentence under the Three Strikes Law because he was a juvenile

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

when it was committed.  He additionally challenges the sufficiency of the evidence against him and requests a reduction in his sentence.

Appellant's prior conviction for robbery qualified as a prior felony conviction under the Three Strikes Law despite, the fact that he was a juvenile when it was committed.  (§§ 667, subd. (d)(3), 1170.12, subd. (b)(3); see Welf. & Inst. Code, § 601 et seq; *People v. Nguyen* (2009) 46 Cal.4th 1007, 1022.)  Appellant may not challenge the sufficiency of the evidence against him because by pleading guilty/no contest to the offenses he admitted all of the elements of the crime.  (*People v. Stanworth* (1974) 11 Cal.3d 588, 605; *People v. Suite* (1980) 101 Cal.App.3d 680, 689.)  He has provided no authority to justify the reduction in his sentence.  (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655-656 [appellant is required to present legal authority in support of each issue raised].)

We have independently examined the entire record on appeal.  There are no arguable issues.  (*Smith v. Robbins* (2000) 528 U.S. 259, 284.)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KUMAR, J.[*]

We concur:

TURNER, P. J.

KRIEGLER, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.